# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| TERRELL DANIELS,<br><br>    Plaintiff,<br><br>v.<br><br>KADARIUS BLAKLEY, JASON MONTGOMERY, SAMUEL WOOD, and THE CITY OF BRUNSWICK,<br><br>    Defendants. | CV 2:23-015 |

## ORDER

Before the Court is Defendant City of Brunswick's (the "City") motion to dismiss. Dkt. No. 8. Plaintiff has filed no opposition to the motion, and the time for doing so has long passed. As such, the motion is ripe for review.

## BACKGROUND[1]

On April 25, 2021, Plaintiff was in the vicinity of 1801 R Street in Brunswick, Georgia. Dkt. No. 1-1 at 8. According to the complaint, Defendants Kadarius Blakley, Samuel Wood and/or Jason Montgomery, officers employed by the City ("Defendant Officers"), "physically forced the Plaintiff to the ground and forcefully fastened handcuffs to [his] wrists with his hands behind his back." Id. at 8, 9. Plaintiff alleges that Defendants did not witness Plaintiff violate any law and had no warrant for the

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016).

arrest.  Id.  The complaint alleges that, prior to handcuffing Plaintiff, Defendant Officers did not inform Plaintiff that he was being placed in detention or under arrest, nor did they ask him to lie on the ground.  Id.  Plaintiff alleges that, as a result of the incident, he has "suffered pain, fear, physical injuries" and "mental harm which have required treatment at the Southeast Georgia Regional Medical Center."  Id. at 10.

On December 6, 2022, Plaintiff filed a complaint in Glynn County Superior Court, id. at 7, which Defendants removed to this Court, dkt. no. 1.  Against the individual Defendants, Plaintiff appears to allege claims of assault, battery, excessive force pursuant to 42 U.S.C. § 1983, and deliberate indifference pursuant to § 1983, as well as violations of his Fourth and Fourteenth Amendment rights under both the Georgia and United States Constitutions.  Dkt. No. 1-1 at 9.  Against Defendant City, Plaintiff appears to allege a municipal-liability Monell[2] claim under federal law and a negligent hiring and/or retention claim under Georgia law.  Id. at 10-11.  Plaintiff seeks actual and punitive damages, as well as attorney's fees and costs.  Id. at 10, 11.

---

[2] Monell v. Dep't of Social Servs. of New York, 436 U.S. 658 (1978) (holding local governments are "persons" for purposes of 42 U.S.C. § 1983 claims and are strictly liable for customary constitutional violations).

**LEGAL AUTHORITY**

In order to state a claim for relief under Federal Rule of Civil Procedure 8, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility" when the plaintiff "pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). The Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678-79.

A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than

the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added)(quoting Fed. R. Civ. Proc. 8(a)(2)).

## DISCUSSION

Plaintiff's two allegations against Defendant City read:

> The Defendant CITY OF BRUNSWICK is liable to the Plaintiff for the conduct of the other named Defendants because the CITY OF BRUNSWICK has a policy which authorizes the use of force without legal cause or because it has failed to adopt a policy prohibiting the use of force except under appropriate circumstances.
>
> . . .
>
> The CITY OF BRUNSWICK is liable under Georgia Law for negligent hiring and/or retention of the three Defendant[s] because it hired and retained KADARIUS BLAKLEY, JASON MONTGOMERY and/or SAMUEL WOOD with actual knowledge of their repeated misconduct involving the deprivation of civil rights while acting as law enforcement officers.

Dkt. No. 1-1 at 10-11. Defendant City argues "there are no factual allegations to support a Monell claim under federal law, and any state law claims are barred by both Plaintiff's failure to provide sufficient ante litem notice and by sovereign immunity." Dkt. No. 8 at 2. Defendant City also argues Plaintiff has failed to serve it with process. Id. Plaintiff has filed no response to the City's motion.

### I. Plaintiff's Monell Claim

First, Plaintiff alleges Defendant City is liable for the conducts of its officers. Dkt. No. 1-1 at 10.

4

Supervisory entities may be held liable under § 1983 where they "direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them." Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010). In order to establish municipal liability, a plaintiff must show that the municipal employee's unconstitutional acts "implement[ ] or execute[ ] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or else are taken "pursuant to governmental 'custom' even though such custom has not received formal approval through the body's official decision making channels." Monell, 436 U.S. at 690-91. To state a claim for relief under Monell, a plaintiff must plead factual allegations which, if proven true, would be sufficient to establish that the municipality either had an official policy of permitting excessive force or was on notice of a need to implement a policy preventing excessive force. See Grider v. Cook, 522 F. App'x 544, 547-48 (11th Cir. 2013) (affirming dismissal of Monell claim where plaintiff "did not provide any specific facts about any policy or custom that resulted in his alleged constitutional deprivation"); Williams v. Fulton Cnty. Sch. Dist., 181 F. Supp. 3d 1089, 1122 (N.D. Ga. 2016) (noting that knowledge of constitutional violations is required for Monell claim and that knowledge "may come from actual notice, or may be imputed via constructive notice

under some circumstances through notice to an appropriate senior official").

Here, Plaintiff has failed to plausibly allege § 1983 liability on the part of the City. First, his allegation that Defendant City "has a policy which authorizes the use of force without legal cause or because it has failed to adopt a policy prohibiting the use of force except under appropriate circumstances" is conclusory and not entitled to a presumption of truth. Iqbal, 556 U.S. at 678-79. Further, Plaintiff fails to allege any previous incidents which would have put the City on notice of constitutional violations. Williams, 181 F. Supp. 3d at 1122. Furthermore, Plaintiff has failed to point to any policy which would result in any constitutional violations. Grider, 522 F. App'x at 548. Therefore, Plaintiff's Monell claim against the City cannot survive, and the City's motion to dismiss is **GRANTED** on this ground.

## II. Plaintiff's Negligence Claims

Next, Plaintiff alleges Defendant City is liable under Georgia Law for negligent hiring and/or retention of the three Defendant Officers. Dkt. No. 1-1 at 11. Defendant City argues dismissal of these claims is warranted because 1) Plaintiff failed to plead ante litem notice or 2) provide the City with ante litem notice as required by O.C.G.A. § 36-33-5. Dkt. No. 8 at 7.

Section 36-33-5 provides, in relevant part:

(a) No person, firm, or corporation having a claim for money damages against any municipal corporation on account of injuries to person or property shall bring any action against the municipal corporation for such injuries, without first giving notice as provided in this Code section.

(b) Within six months of the happening of the event upon which a claim against a municipal corporation is predicated, the person, firm, or corporation having the claim shall present the claim in writing to the governing authority of the municipal corporation for adjustment, stating the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury. No action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment.

. . . .

(e) The description of the extent of the injury required in subsection (b) of this Code section shall include the specific amount of monetary damages being sought from the municipal corporation. The amount of monetary damages set forth in such claim shall constitute an offer of compromise. In the event such claim is not settled by the municipal corporation and the claimant litigates such claim, the amount of monetary damage set forth in such claim shall not be binding on the claimant.

Here, Defendant first argues that Plaintiff's failure to plead ante litem notice supports dismissal of his negligence claims. Dkt. No. 8 at 8 n.3. Indeed, there is no indication of any attempt at compliance with the ante litem statute. Plaintiff has not responded to the motion to dismiss arguing that he provided the statutorily required notice. Also, Plaintiff's complaint does

not cite § 36-33-5, nor does it otherwise indicate that Plaintiff provided the requisite notice to the City prior to initiating suit. "Where a complaint fails to allege that such written notice has been given, the Georgia courts have held that the complaint does not state a cause of action against a municipal corporation." Moh v. City of Atlanta, No. 1:10-cv-04058, 2011 WL 2579829, at *5 (N.D. Ga. May 20, 2011) (quoting Dague v. Riverdale Athletic Ass'n, 99 F.R.D. 325, 327 (N.D. Ga. 1983) (citing City of Atlanta v. Frank, 170 S.E.2d 265, 267 (Ga. Ct. App. 1969), overruled on other grounds by City of Atlanta v. Black, 457 S.E.2d 551, 553 n.2 (Ga. 1995))). Therefore, because Plaintiff failed to plead his compliance with § 36-33-5, the Court concludes Plaintiff's state law negligence claims must be **DISMISSED.**

Even if Plaintiff had properly alleged ante litem notice to the City, his negligence claims would still warrant dismissal. Attached to Defendant City's motion to dismiss[3] is a letter which Plaintiff, had he responded, might contend met the ante litem notice requirements of § 36-33-5. Dkt. No. 8-1. The July 29, 2021 letter is from Plaintiff's counsel to Defendant City. The text reads, in pertinent part:

---

[3] A court "may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed . . . [which i]n this context . . . means that the authenticity of the document is not challenged." Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). Here, the letter is central to Plaintiff's negligence claims, and Plaintiff has not disputed the letter's authenticity.

> I am writing to you on behalf of [Plaintiff] Terrell Daniels, who was in the area of the Gracemore Nursing Home at 2708 Lee Street in the City of Brunswick, when he was placed in handcuffs by City Police Officer Montgomery, who I believe has badge number 465. In the incident, the shoulders of [Plaintiff] received significant injuries which have required medical treatment for Shoulder Impingement Syndrome. He had physical therapy. [Plaintiff] was treated at the Southeast Georgia Health System.
>
> Please be advised that it is the contention of [Plaintiff] that the City of Brunswick is responsible for the injuries he suffered as a result of the conduct of Officer Montgomery. It is the contention of [Plaintiff] that he is entitled to recover *not less than $100,000.00*, for his injuries and pain and suffering. There was no valid reason why [Plaintiff] was placed under arrest, nor was the use of force justified or reasonable.

Id. (emphasis added).

Defendant City argues this letter does not provide sufficient ante litem notice because it does not comply with the requirements of subsection (e) of § 36-33-5. Dkt. No. 8 at 8-9. Specifically, Defendant City contends Plaintiff's letter provides only an *unspecified* amount of money damages which does not constitute an offer of compromise. Dkt. No. 8 at 9; see also § 36-33-5(e) ("The description of the extent of the injury required in subsection (b) of this Code section shall include the *specific amount of monetary damages* being sought from the municipal corporation." (emphasis added)).

Indeed, Georgia courts have held that ante litem notices that do not set forth the specific dollar figure sought do not substantially comply with § 36-33-5(e). For example, in Davis v.

9

City of Valdosta, the plaintiff claimed damages for medical bills "in the amount of $30,000" but also included a demand for "general damages for pain and suffering, in an amount *not less than $20,000*." 852 S.E.2d 859, 859 (Ga. Ct. App. 2020). The Georgia Court of Appeals held, "This falls short of providing a 'specific amount of monetary damages' that could 'constitute an offer of compromise.'" Id. at 901 (quoting Manzanares v. City of Brookhaven, 834 S.E.2d 358, 360-61 (Ga. Ct. App. 2019)) (affirming dismissal of claim against the defendant city based on plaintiff's failure to provide ante litem notice).

Here, Plaintiff's letter, just like the letter in Davis, demands "not less than" a set dollar amount, here $100,000.00. Dkt. No. 8-1. As the Davis court reasoned, "The notice 'indicates that the value of the claim is some unknown number above [$100,000] and makes no statement with regard to the amount being sought. An unknown number above [$100,000] is too indefinite to constitute a binding offer of settlement.'" 852 S.E.2d at 860. Thus, the letter does not substantially comply with § 36-33-5(e)'s requirements. Accordingly, even if Plaintiff had pleaded compliance with § 36-33-5, his negligence claims are still due to be **DISMISSED**.

Because the Court finds dismissal is required as to both of Plaintiff's claims against Defendant City, the Court need not address the City's remaining arguments for dismissal.

## CONCLUSION

Defendant City of Brunswick's motion to dismiss, dkt. no. 8, is **GRANTED**, and Plaintiff's claims against the City are **DISMISSED with prejudice**.  The Clerk is **DIRECTED** to terminate the City as a defendant in this action.

**SO ORDERED,** this 24th day of March, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA